OTTO GLASEMANN, PLAINTIFF, v. ERIE RAILROAD COM-
PANY, DEFENDANT.

Submitted March 13, 1925—Decided October 7, 1925.

**Negligence—Injury to Motor Vehicle On Account of Alleged De-
fective Condition of Railroad Crossing by Which Motor
Vehicle Became Unable to Complete Its Passing Over the
Tracks and Was Run Down by Train—Jury Properly Di-
rected—Verdict Not Against Weight of Evidence**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, *Charles Jones.*

For the defendant, *Parker, Emery & Van Riper.*

PER CURIAM.

The plaintiff's automobile was badly wrecked and, as he
claimed, destroyed, at a country road crossing of a branch
of the defendant's railroad. The railroad was single track,
and the road was a narrow country road. The crossing had
been in bad order, and within two or three weeks before the
accident had been repaired by the defendant's track gang,
who had not planked the crossing completely, but had in-
stalled four planks, one outside and one inside of the two
rails, leaving the center filled with ordinary filling material.
The plaintiff knew the road, but was not very familiar with it.
He undertook to cross the tracks after dark, and, according
to his claim, both the front and rear wheels of his automobile
sank into a deep depression from which he was unable to
extricate it. As he said in his testimony: "All of a sudden
I heard a bump on the front wheels. After that I felt it
going down and up again and down again, and that was the

finish. *Q.* What do you mean, that was the finish? *A.* The motor sprung off. I was sitting with the hind wheels before the first track and the front wheels over the second rail of the track." Plaintiff was, apparently, unable to start his motor or to get the car out of the ruts, and had to stand helplessly by and see a train of the defendant come along and run into it. The crossing bell began to ring, and the plaintiff sent a boy up the road to try and signal the engineer, but without success.

The first point argued is that the court ought to have directed a verdict for the defendant. This seems to be predicated on the alleged failure of the plaintiff to prove that the defective condition of the crossing had existed long enough for the defendant to discover and rectify it. But as it appeared that the defendant had, some little time previously, discovered and undertaken to rectify a defective condition of the crossing, the case seems to be within the rule which lays upon it the duty of taking care of the settlement of the dirt filling until the restoration is permanent. *Reinauer* v. *Hackensack Water Co.,* 92 *N. J. L.* 8. Moreover, in the case of railroad companies it is sufficient, *prima facie,* for a plaintiff to prove the defective condition of the crossing, inasmuch as the duty to maintain it in repair is a statutory one. *Sonn* v. *Erie Railroad,* 66 *Id.* 431; *Samkiwicz* v. *Atlantic City Railroad,* 82 *Id.* 480; *Closter Farms* v. *New York Central Railroad,* 88 *Id.* 557; 89 *Id.* 709; *Moreland* v. *Director General,* 96 *Id.* 228. We conclude that there was no eror in refusing to direct a verdict for the defendant.

But, secondly, the defendant argues that on this phase of the case the verdict was against the weight of evidence. It is true that several witnesses for the defendant testified that the crossing was in good order, and there were even photographs produced and put in evidence. But there was considerable evidence for the plaintiff that the car was so firmly wedged in place that it resisted the efforts of several people to push it off after the engine had refused to start, and it was, consequently, open to the jury to find that the crossing was

not as it should be. We are not prepared to say that they found against the great weight of evidence in this regard

The third and last point relates to the action of the trial judge in modifying his charge as to the duty of the defendant in the premises. He first charged that, in order to entitle the plaintiff to recover, the jury must be satisfied not only that the crossing was defective, but that it had existed in that condition long enough to have been discovered and rectified in the exercise of proper care. Later on, however, he withdrew that instruction and charged that: "It has been held in this state that it is sufficient for the plaintiff in an action to recover damage for injuries caused by a defect in the railroad crossing to prove the defect in the crossing, because that is a question of fact to be determined by the jury. It has been held that exculpation was for the defendant. With that change I wish to resubmit the case to you. I will give both counsel an exception to this."

It is claimed that this is erroneous; but in its general features it is clearly supported by the case of *Sonn* v. *The Erie Railroad Company, supra.* It must be conceded that in applying the language of that case the trial judge in the present case omitted the words *"prima facie,"* and it is argued that harmful error was committed in that regard. We think, however, that the instruction as applied to the manifest facts of the case was not injurious error, and for the reason that this was not a case of a crossing merely allowed to fall into disrepair by neglect, but the case of an insufficient and improper repair of a defective crossing. Moreover, instructing the jury that exculpation was for the defendant, it was manifest that the jury could not reasonably have interpreted the instruction as meaning more than that negligence might be found in the absence of exculpation.

The rule to show cause will therefore be discharged.